J-S23037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT HRUSOVSKY, | : | |
| | : | |
| Appellant | : | No. 3299 EDA 2016 |

Appeal from the PCRA Order September 12, 2016
in the Court of Common Pleas of Northampton County,
Criminal Division, No(s): CP-48-CR-0000684-1995

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 05, 2017**

Robert Hrusovsky ("Hrusovsky"), *pro se*, appeals from the dismissal of his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1996, Hrusovsky pled guilty to five counts of involuntary deviate sexual intercourse arising out of his sexual abuse of his niece. During sentencing, the trial court indicated that the mandatory minimum sentence on each count was five years in prison.  The trial court subsequently imposed a sentence of five to ten years in prison on each conviction, to run consecutively.  This Court affirmed the judgment of sentence.  *See* ***Commonwealth v. Hrusovsky***, 698 A.2d 665 (Pa. Super. 1997) (unpublished memorandum).[1]

---

[1] Hrusovsky also entered a guilty plea to related charges in Lehigh County, and was sentenced to a concurrent aggregate prison term of 16 to 48 years.

In August 2004, Hrusovsky filed his first PCRA Petition, which was denied. This Court affirmed the denial. *See* ***Commonwealth v. Hrusovsky***, 911 A.2d 181 (Pa. Super. 2006), ***appeal denied***, 931 A.2d 656 (Pa. Super. 2007).

On June 16, 2016, Hrusovsky filed the instant PCRA Petition. The PCRA court appointed Hrusovsky counsel, who subsequently filed a Petition to Withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's Petition to Withdraw and issued a Pennsylvania Rule of Criminal Procedure 907 Notice. On September 12, 2016, the PCRA court dismissed the Petition. Hrusovsky filed a Notice of Appeal, dated October 6, 2016, but docketed on October 13, 2016.

Initially, we must determine whether Hrusovsky filed a timely Notice of Appeal. It is well-settled that "the date the appeal period begins to run, 'shall be the day the clerk of the court ... mails or delivers copies of the order to the parties.'" ***Commonwealth v. Carter***, 122 A.3d 388, 391 (Pa. Super. 2015) (quoting Pa.R.A.P. 108(a)(1)); *see* *also* Pa.R.Crim.P. 114(C)(2)(c). Here, the docket indicates that the Order dismissing the PCRA Petition was served on Hrusovsky on September 14, 2016. Thus,

Hrusovsky's Notice of Appeal, docketed on October 13, 2016, was timely filed. *See* Pa.R.A.P. 903(a).[2]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Hrusovsky's judgment of sentence became final in May 1997, after the time to seek review with the Supreme Court of Pennsylvania

---

[2] Further, the Commonwealth concedes that Hrusovsky timely filed his Notice of Appeal on October 6, 2016, under the prisoner mailbox rule. *See* Brief for the Commonwealth at 3 n.7 (citing *Commonwealth v. Wilson*, 911 A.2d 942, 944 n.3 (Pa. Super. 2006)).

expired. *See* Pa.R.A.P. 1113. Thus, Hrusovsky's 2016 PCRA Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *Albrecht*, 992 A.2d at 1094.

Here, Hrusovsky invokes the newly-recognized constitutional right exception based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *See* Brief for Appellant at 7-19. In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. *Id.* at 2156. Hrusovsky argues that *Alleyne* applies retroactively and renders his sentence illegal. *See* Brief for Appellant at 7-8, 9-12, 14, 16-19.

Here, Hrusovsky filed the instant PCRA Petition on June 16, 2016, well over 60 days after June 17, 2013, the date that *Alleyne* was decided. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly]-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision."); *see also* 42 Pa.C.S.A. § 9545(b)(2).

Further, the rule established in ***Alleyne*** does not apply retroactively where, as here, the judgment of sentence is final. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) (stating that "***Alleyne*** does not apply retroactively to cases pending on collateral review[.]"); ***see also Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (noting that "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.") (citation omitted).[3]

As Hrusovsky failed to meet the requirements of the newly-recognized constitutional right exception, the PCRA court properly dismissed his second PCRA Petition.

Order affirmed.

---

[3] Hrusovsky cites to numerous cases relying upon ***Alleyne*** to support his argument that ***Alleyne*** applies retroactively and renders his sentence illegal. However, those cases, as well as the timeliness exception invoked by Hrusovsky, are based upon the new rule of law established in ***Alleyne***, which is inapplicable to this case. ***See Washington, supra***. Further, to the extent Hrusovsky cites to cases from this Court to avoid the 60-day requirement, we note that to properly invoke the newly-recognized constitutional right exception, the new right must be established in a decision by the Supreme Court of the United States or the Supreme Court of Pennsylvania. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2017